Iram P. Valentin, Esq.
Jennifer L. Casazza, Esq.
Kaufman Dolowich & Voluck, LLP
25 Main Street
Suite 500
Hackensack, New Jersey 07601
(T): 201.488.6655
(F): 201.488.6652
*Attorneys for Defendant, Jeffrey C. Smith*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

-------------------------------------------------------------------X

| | |
|---|---|
| ROCHE DIAGNOSITCS CORP. AND ROCHE DIABETES CARE, INC., | |
| Plaintiffs, | CIVIL ACTION NO. 2:19-cv-8761-CCC-CLW |
| v. | |
| JEFFREY C. SMITH; STEVEN L. HADLOCK; SAHILY PAOLINE; DAVID GRANT; JUSTIN LEAVITT; BLAINE SMITH; TRAVIS HUGHES; ALISON WISTNER; ADAM KOOPERSMITH; LEE H. ROSEBUSH; ZB, N.A.; HUGHES & COMPANY; HUGHES & COMPANY INVESTMENT PARTNERS, LLC; KESMAN HUGHES & COMPANY, LLC; HS MEDSOURCE HOLDCO, LLC; MERCATO MANAGEMENT, LLC; MERCATO PARTNERS, LLC; MERCATO PARTNERS GROWTH II GP, LLC; MERCATO PARTNERS GROWTH II, L.P.; MERCATO PARTNERS GROWTH AFFILIATES II, L.P.; MERCATO PARTNERS AI II, L.P.; MERCATO PARTNERS INGRAM, LLC; MERCATO PARTNERS INGRAM CO-INVEST, LLC; JABODON PT COMPANY; PRITZKER GROUP VENTURE CAPITAL LLC; NWV-ALLIANCE LLC; and NWV-ALLIANCE-2 LLC | Return date: July 1, 2019<br><br>**ORAL ARGUMENT REQUESTED** |
| Defendants. | |

-------------------------------------------------------------------X

**MEMORANDUM OF LAW OF DEFENDANT JEFFREY C. SMITH JOINING IN THE MOTIONS TO DISMISS FILED BY DEFENDANTS SAHILY PAOLINE, STEVEN L. HADLOCK, AND BLAINE SMITH**

1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

LEGAL ARGUMENT ...............................................................................................................1

    I.    PLAINTIFFS FAILED TO ARTICULATE A VALID BASIS FOR PERSONAL JURISDICTION OVER DEFENDANT JEFFREY SMITH OR VENUE IN NEW JERSEY ..............................................................................1

    II.    THE COMPLAINT FAILS TO STATE A CLAIM UNDER FEDERAL AND NEW JERSEY RICO STATUTES AS AGAINST DEFENDANT JEFFREY SMITH ..........................................................................................2

    III.    THE COMPLAINT FAILS TO STATE A VALID CLAIM AGAINST DEFENDANT JEFFREY SMITH FOR COMMON LAW FRAUD ......................3

    IV.    THE COMPLAINT FAILS TO STATE A VALID CLAIM FOR UNJUST ENRICHMENT AS AGAINST DEFENDANT JEFFREY SMITH ......................4

    V.    THE COMPLAINT FAILS TO STATE A VALID CLAIM FOR NEGLIGENT MISREPRESENTATION AS AGAINST DEFENDANT JEFFREY SMITH ..........................................................................................5

    VI.    THE COMPLAINT FIALS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE AGAINST DEFENDANT JEFFREY SMITH .........................5

CONCLUSION ...........................................................................................................................6

# **TABLE OF AUTHORITIES**

**CASES**

*Arlandson v. Hartz Mt. Corp.*, 792 F.Supp.2d 691 (D.N.J. 2011) ................................................... 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................... 2

*Campbell v. Castle Stone Homes, Inc.*, 2011 U.S. Dist. LEXIS 27266 (D. Utah March 15, 2011) ............................................................................................................................................ 4

*Cottman Transm. Sys. v. Martino*, 36 F.3d 291 (3d Cir. 1994) ....................................................... 2

*Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007) ................................................................. 4

*Hawkins v. Harris*, 141 N.J. 207 (2005) .......................................................................................... 4

*Karu v. Feldman*, 119 N.J. 135 (1990) ............................................................................................ 5

*Lightning Lube v. Witco Corp.*, 4 F.3d 1153 (3d Cir. 1993) ............................................................ 6

*Lum v. Bank of Am.*, 361 F.3d 217 (3d Cir. 2004) .......................................................................... 2

*Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013) .......................... 3

*Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros. Inc.*, 983 F.2d 551 (3d Cir. 1992) ................ 2

*Montich v. Miele USA, Inc.*, 849 F.Supp.2d 439 (2012) ................................................................. 5

*Nakahata v. New York Presbyterian Healthcare Sys.*, 732 F.3d 192 (2d Cir. 2013) ....................... 3

*Schmuck v. U.S.*, 489 U.S. 705 (1954) ............................................................................................ 3

*Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris*, 171 F.3d 912 (3d Cir. 1999) ................................................................................................................................... 4, 5

*Thomas v. Ford Motor Co.,* 137 F.Supp.2d 575 (D.N.J. 2001) ...................................................... 4

*U.S. v. Maze*, 414 U.S. 395, 403 (1974) ......................................................................................... 3

**RULES**

*Fed. R. Civ. P.* 9(b) ..................................................................................................................... 1, 2

*Fed. R. Civ. P.* 8(a) ......................................................................................................................... 1

*Fed. R. Civ. P.* 12(b) ....................................................................................................................... 1

*Fed. R. Civ. P.* 12(b)(2) .................................................................................................. 1, 2, 6

*Fed. R. Civ. P.* 12(b)(3) .................................................................................................. 1, 2, 6

*Fed. R. Civ. P.* 12(b)(6) .................................................................................................. 1, 3, 6

**PRELIMINARY STATEMENT**

Pursuant to the Federal Rules of Civil Procedure 8(a), 9(b) and 12(b), Defendant, Jeffrey C. Smith (hereinafter "J. Smith"), through his counsel, submits this Memorandum of Law joining and incorporating by reference Defendants Sahily Paoline ("Poaline"), Steven L. Hadlock ("Hadlock") and Blaine Smith's ("B. Smith") (collectively "co-Defendants") Motion to Dismiss, which seeks dismissal of the Complaint filed by Plaintiffs, Roche Diagnostics Corp. and Roche Diabetes Care, Inc. (collectively "Plaintiffs"), with prejudice in its entirety.

For the sake of economy, Defendant J. Smith hereby adopts and joins in the arguments and statement of facts set forth in the Memorandum of Law of the Co-Defendants in Support of their Motion to Dismiss Plaintiffs' Complaint. J. Smith, however, supplements the Co-Defendants' Memorandum of Law to tailor the arguments as applicable to J. Smith. Specifically, Plaintiffs cannot demonstrate that this Court may exercise personal jurisdiction over J. Smith, requiring dismissal pursuant to *Fed. R. Civ. P.* 12(b)(2); fail to assert any reasonable basis as to why venue in New Jersey is proper, requiring dismissal pursuant to *Fed. R. Civ. P.* 12(b)(3); and fail to state a claim for Federal and New Jersey RICO claims, fraud, conspiracy to commit fraud, unjust enrichment, negligent misrepresentation and tortious interference, requiring dismissal pursuant to *Fed. R. Civ. P.* 12(b)(6). Accordingly, the Complaint must be dismissed in its entirety, with prejudice.

**LEGAL ARGUMENT**

I.   **PLAINTIFFS FAILED TO ARTICULATE A VALID BASIS FOR PERSONAL JURISDICTION OVER DEFENDANT JEFFREY SMITH OR VENUE IN NEW JERSEY.**

J. Smith is a Utah resident, and was the Chief Executive Officer of Alliance "until the middle of 2017." *See* Compl. ¶9. Nowhere in the Complaint do Plaintiffs allege beyond bare conclusory statements that J. Smith engaged in any activity in any way touching or relating to

New Jersey. There is no allegation that any of the alleged communications or activities of J. Smith occurred in New Jersey. J. Smith did not engage in continuous and systemic contacts with New Jersey. *Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros. Inc.*, 983 F.2d 551, 554 (3d Cir. 1992). J. Smith similarly did not engage in any "minimum contacts" with New Jersey that could give rise to the causes of action alleged against him in the Complaint. *Arlandson v. Hartz Mt. Corp.*, 792 F.Supp.2d 691 (D.N.J. 2011). Accordingly, Plaintiffs have not asserted facts to establish that this Court has personal jurisdiction over J. Smith.

In a similar vein, Plaintiffs cannot prove that venue in New Jersey is proper. Plaintiffs failed to plead any facts that any of the defendants, particularly J. Smith, engaged in any of the alleged activities in New Jersey. Accordingly, the claims asserted lack any connection to New Jersey. Venue is therefore inappropriate in the United States District Court for the District of New Jersey. *See Cottman Transm. Sys. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)("The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'"). The Complaint, therefore, should be dismissed pursuant to *Fed. R. Civ. P.* 12(b)(2) and 12(b)(3).

II. **THE COMPLAINT FAILS TO STATE A CLAIM UNDER FEDERAL AND NEW JERSEY RICO STATUTES AS AGAISNT DEFENDANT JEFFREY SMITH.**

Plaintiffs fail to allege facts to establish that J. Smith engaged in wire fraud or mail fraud, let alone allege such facts with the requisite particularity to establish its RICO claims. *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)("Where, as here, plaintiffs rely on mail and wire fraud as a basis for a RICO violation, the allegations of fraud must comply with Federal Rule of Civil Procedure 9(b), which requires that allegations of fraud be pled with specificity….Plaintiffs may satisfy this requirement by pleading the 'date, place or time' of the fraud, or through 'alternative

2

means of injecting precision and some measure of substantiation into their allegations of fraud.'")(internal citations omitted).

None of the allegations in the Complaint assert any use of wires or mails by J. Smith to further any alleged scheme. The communications referenced concerned PBM contract cancellations as well as in-house and outside counsel's analysis of civil liability. Crediting Plaintiffs' allegations as true for purposes of this Motion only, the communications served to reveal the alleged scheme, not further it. *Schmuck v. U.S.*, 489 U.S. 705, 710-11 (1954)(stating that communications must be "incident of an essential part of the scheme, or a step in [the] plot" to constitute mail or wire fraud). *See, e.g. Nakahata v. New York Presbyterian Healthcare Sys.*, 732 F.3d 192, 204 (2d Cir. 2013)(affirming dismissal of RICO claims when the use of mails did not perpetrate, but instead, disclosed the alleged fraud); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 119 (2d Cir. 2013)("Mailings that thus 'increase[] the provability that [the mailer] would be detected and apprehended' do not constitute mail fraud.")(*quoting U.S. v. Maze*, 414 U.S. 395, 403 (1974)). Due to the inability of Plaintiffs to support their allegations against J. Smith with the particularity required in pleading civil RICO claims, and the arguments as set forth within Defendants Paoline, Hadlock and Blaine Smith's brief, the NJ RICO and Federal RICO claims against J. Smith, including those for conspiracy and aiding and abetting, should be dismissed as a matter of law for failure to state a claim pursuant to F.R.C.P. 12(b)(6). *Nakahata,* 732 F.3d at 204; *Lundy*, 711 F.3d at 119-120.

### III. THE COMPLAINT FAILS TO STATE A VALID CLAIM AGAINST DEFENDANT JEFFREY SMITH FOR COMMON LAW FRAUD.

Plaintiffs fail to properly articulate a claim sounding in fraud against J. Smith with the required specificity. Plaintiffs baldly assert that J. Smith "directed" and "approved" various

3

aspects of the allege "scheme" to defraud Plaintiffs.[1] Yet, not one statement allegedly made by J. Smith within the sweeping Complaint is identified as fraudulent, misleading or untruthful. In fact, nowhere is it alleged that J. Smith made any false statements or even communicated with or directed communications with Plaintiffs. Plaintiffs also fail to assert any specific circumstances, *i.e.* the date, time and place of the alleged fraudulent activity. *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)("To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."). Rather, Plaintiffs make bald and conclusory assertions that J. Smith, "directed" the alleged fraud without any specificity of whom was directed, what they were directed to do, or how the direction was fraudulent. Accordingly, Plaintiffs' Complaint lacks the necessary specificity to support its claim of fraud and should be dismissed. *Id.* at 202.

### IV. THE COMPLAINT FAILS TO STATE A VALID CLAIM FOR UNJUST ENRICHMENT AS AGAINST DEFENDANT JEFFREY SMITH.

As addressed in detail within Defendant Paoline, Hadlock and Blaine Smith's brief, Plaintiffs cannot articulate a claim for unjust enrichment against J. Smith, as there was no direct relationship or communication alleged between J. Smith and Plaintiffs. *See Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris*, 171 F.3d 912, 936 (3d Cir. 1999)("Unjust

---

[1] In fact, the only specific allegation, which is repeated throughout the complaint, is that J. Smith, pursuant to the advice of in-house and outside counsel, approved a lawsuit in Utah, against Plaintiffs' current counsel, Patterson, Belknap, Webb & Tyler, LLP. Nothing within this allegation is fraudulent or improper. Rather, instituting the litigation would reveal the underlying activity of which Plaintiffs' complain, as opposed to further an alleged "scheme" to defraud Plaintiffs. Furthermore, claims based upon these actions are subject to the litigation privilege. *Thomas v. Ford Motor Co.,* 137 F.Supp.2d 575, 581(D.N.J. 2001)(explaining that an absolute litigation privilege applies to investigatory pre-trial actions to "encourage 'open channels of communication and the presentation of evidence' in judicial proceedings.") (quoting *Hawkins v. Harris*, 141 N.J. 207, 216 (2005)). *See also*, *Campbell v. Castle Stone Homes, Inc.*, 2011 U.S. Dist. LEXIS 27266, *34-37 (D. Utah March 15, 2011)(explaining the application of the litigation privilege beyond defamation claims to "ensure free an open expression by all participants in judicial proceedings by alleviating any and all fear that participation will subject them to the risk of subsequent litigation.").

enrichment is typically invoked in a quasi-contractual setting, when plaintiff seeks to recover from defendant for a benefit conferred under an unconsummated or void contract."); *Montich v. Miele USA, Inc.*, 849 F.Supp.2d 439, 460 (2012)("A claim for unjust enrichment in New Jersey requires privity between the parties."). Plaintiffs fail to allege that any contract was ever contemplated between Plaintiffs and Alliance, let alone Plaintiffs and Jeffrey Smith in an individual capacity. Furthermore, the Complaint fails to allege facts sufficient to support a claim that Plaintiffs performed or conferred a benefit on J. Smith. *See Steamfitters Local*, supra,171 F.3d at 936. The claim for unjust enrichment should therefore be dismissed as a matter of law for failure to state a claim.

## V. THE COMPLAINT FAILS TO STATE A VALID CLAIM FOR NEGLIGENT MISREPRESENTATION AS AGAINST DEFENDANT JEFFREY SMITH.

Plaintiffs have not articulated a claim for negligent misrepresentation against J. Smith because there is no allegation that J. Smith ever communicated with, let alone made misrepresentations, through a misstatement or omission to Plaintiffs. Beyond mere conclusory allegations, Plaintiffs failed to plead that J. Smith made any misrepresentations or omissions to Plaintiffs, nor that Plaintiffs then relied upon the alleged misrepresentations or omissions. *Karu v. Feldman*, 119 N.J. 135, 146-47 (1990). As discussed in Defendant Paoline, Hadlock and B. Smith's brief, such allegations are insufficient to support a claim for negligent misrepresentation, and the claim should therefore be dismissed as a matter of law.

## VI. THE COMPLAINT FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE AGAINST DEFENDANT JEFFREY SMITH.

J. Smith incorporates the arguments set forth within Defendant Paoline, Hadlock and B. Smith's brief: (1) Plaintiffs have failed to identify any prospective business relationship or economic advantage that was lost; (2) Plaintiffs have failed to allege that J. Smith had knowledge of these relationships; (3) Plaintiffs failed to assert facts to support that J. Smith interfered with

5

intent or malice. *Lightning Lube v. Witco Corp.*, 4 F.3d 1153, 1167 (3d Cir. 1993). Accordingly, the claim for tortious interference against J. Smith should be dismissed.

## CONCLUSION

For the above-stated reasons, and the arguments more fully set forth within Defendant Paoline, Hadlock and B. Smith's brief, that Plaintiffs' Complaint must be dismissed against J. Smith. Plaintiffs cannot demonstrate that this Court may exercise personal jurisdiction over J. Smith, requiring dismissal pursuant to *Fed. R. Civ. P.* 12(b)(2); fail to assert any reasonable basis as to why venue in New Jersey is proper, requiring dismissal pursuant to *Fed. R. Civ. P.* 12(b)(3); and fail to state a claim for Federal and New Jersey RICO claims, fraud, conspiracy to commit fraud, unjust enrichment, negligent misrepresentation and tortious interference, requiring dismissal pursuant to *Fed. R. Civ. P.* 12(b)(6). It is therefore respectfully requested that this Court grant J. Smith's Motion to Dismiss In Lieu of An Answer pursuant to F.R.C.P. 12(b)(2), (b)(3), and (b)(6).

Respectfully submitted,
**KAUFMAN DOLOWICH & VOLUCK, LLP**

By: */s/Iram P. Valentin, Esq.*
Iram P. Valentin, Esq.
New Jersey Bar No.: 010222002
Jennifer L. Casazza, Esq.
New Jersey Bar No.: 108972014
25 Main Street
Suite 500
Hackensack, NJ 07601
(T): 201.488.6655
ivalentin@kdvlaw.com
jcasazza@kdvlaw.com
*Attorneys for Defendant, Jeffrey C. Smith*

DATED:   June 4, 2019
Hackensack, New Jersey

6